*NOT FOR PUBLICATION*

---

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION**

---

| | |
|---|---|
| LUIS ROBLES | ) D.C. CRIM. APP. NO. 2003/040 |
| Appellant, | ) Re: Sup.Ct.Crim. 45/2003 |
| v. | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: June 15, 2007
Filed: February 26, 2008

**BEFORE:** CURTIS V. GÓMEZ, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **AUDREY L. THOMAS**, Judge of the Superior Court of the Virgin Islands, Sitting by Designation.

**ATTORNEYS:**

Harold W.L. Willocks, TPD
St. Croix, U.S.V.I.
    Attorney for Appellant.

Maureen Phelan, AAG
St. Thomas, U.S.V.I.
    Attorney for Appellee.

---

**Memorandum Opinion**

*Luis Robles v. Gov't of the Virgin Islands*
D.C. Crim. APP. NO. 2003/0040
Memorandum Opinion
Page 2

**Per Curiam.**

**I. Issues**

The Court is presented with two issues:

1) Whether the trial court erred in denying Appellant's Motion to Suppress.

2) Whether the trial court erred in instructing the jury of second degree rape.

**II. Facts and Procedural History**

In February of 2003, I.M., then a minor[1], lived with her aunt ("Bennett") when Ms. Bennett learned that I.M. was not traveling to Central High School on the school bus. Rather, Bennett heard that Appellant, Luis Robles ("Robles" or "Appellant"), a friend of the family was transporting I.M. to school. As a result, Bennett confronted I.M. who admitted that Mr. Robles was transporting her to school in the morning and that she was having sexual intercourse with Mr. Robles from October 2002 to January 2003.

Bennett contacted the police and on February 4, 2003, Officer Richard Matthews of the Virgin Islands Police Department took a statement from I.M. and Bennett. (J.A. p. 49.) They alleged that the Appellant had been sexually active with the then

---

[1] I.M. was born on December 1, 1986. (Supp. App. pp. 1, 7.)

16-year old I.M., who was a special education student at St. Croix Central High School. (J.A. pp. 50-51.) Officer Mathews contacted Appellant and asked him to come to the police station because someone made an allegation that Appellant was involved "in something." (J.A. p. 13.)

On February 8, 2003, Appellant, a 30-year old adult male, voluntarily came to the Virgin Islands Police Station, Command Headquarters. (J.A. pp. 18, 56.) There, Appellant who claims he is predominantly Spanish speaking, was interviewed in the presence of Officer Matthews and Sergeant Ramirez. (J.A. p. 20.) Officer Matthews advised Appellant of his rights in English, then presented him with an Advice of Rights Form to sign, also in English. The Advice of Rights Form is a five-page form with two signature sections. (J.A pp. 14, 15, 52.) The first part of the signature section inquired whether the signatory understood his rights. Appellant signed that section. (J.A. p. 52.) The second part of the signature section explains that no force was used in procuring the signature and that he could stop questioning at any time. The second section also inquired whether the signatory waived his right to silence. (J.A. p. 52.) Appellant also signed that second section. (J.A. p. 52.) Appellant does not claim that any threats were made or that he was coerced in any way to sign the release. (J.A. pp. 54, 56.)

After being advised of his rights and signing the waiver, Appellant was questioned by Officer Matthews and Officer Ramirez. Officer Matthews spoke to the Appellant in English. Officer Ramirez spoke to Appellant in both English and Spanish. (J.A. pp. 21, 38.) Officer Matthews testified that Mr. Robles responded to some questions in English and some in Spanish. (J.A. p. 16.) Based on the conversation, a written statement was prepared in English by Officer Matthews and signed by Mr. Robles. On February 13, 2003, Mr. Robles was arrested. On November 17, 2003, the Government filed a seven-count Second Superseding Information charging Mr. Robles with four (4) counts of Aggravated Rape in the Second Degree, one (1) count of Rape in the Second Degree, one (1) count of Unlawful Sexual Contact in the Second Degree and one (1) count of Child Abuse. (J.A. pp. 9-14.)

On April 28, 2003, Appellant filed a pre-trial Motion to Suppress his February 8, 2003 statement to police. (J.A. pp. 21-32.) On November 19, 2003, a suppression hearing was held before the Honorable Judge Maria Cabret. Appellant's suppression theory was that he did not sufficiently understand English to understand the Advice of Rights Form to knowingly waive his rights. At the hearing, the trial court found that Appellant attended school in the Virgin Islands through the ninth or tenth grade and also worked in the territory for several years. (J.A. p. 110.)

Additionally, the trial court reviewed the Advice of Rights Form and determined that it did not contain words beyond the comprehension of a tenth grader. (J.A. p. 110.) Based on the evidence proffered, the court concluded that it was convinced that Appellant understood the Advise of Rights Form and denied Appellant's Motion to Suppress.

On December 9, 2003, the matter proceeded to trial. On December 10, 2003, after the close of evidence, the court instructed the jury. At first, the instruction read that the People must prove that the child was "under eighteen years but thirteen years or older." (J.A. p. 144.) However, after the jury began its deliberation, the Court received a note from the jury that read: "For count number one, does it matter if the defendant knew the age of the victim?" (J.A. p. 156.) The court, over defense counsel's objection, revised the instruction to read: "that [on November 26, 2002] I.M. was at least thirteen (13) years of age but under sixteen (16) years of age."(J.A. pp. 158, 161.) On December 10, 2003, the jury returned guilty verdicts on counts 1, 3, 4 and 7. (J.A. pp. 162-163.) This timely appeal followed.

## III. Discussion

### A. Jurisdiction

This Court has jurisdiction to review judgments and orders

Luis Robles v. Gov't of the Virgin Islands
D.C. Crim. APP. NO. 2003/0040
Memorandum Opinion
Page 6

of the Superior Court of the Virgin Islands in all criminal cases in which the defendant has been convicted, other than a plea of guilty. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; V.I. Code Ann. tit. 4 § 33 (2002).

**B.  Whether the trial Court erred in denying Appellant's Motion to Suppress.**

On November 19, 2003, the trial court denied Appellant's Motion to Suppress. After reviewing evidence and hearing testimony, the court found that Appellant understood English sufficiently to comprehend the Advice of Rights Form, knowingly waive his rights and give a statement to police.

A determination of whether Appellant's waiver of his rights was valid under the standards outlined in *Miranda v. Arizona*[2] is subject to plenary review. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410 (1986). However, we defer to the trial court's findings of fact and disturb such findings only if clearly erroneous and unsupported by the record. *United States v. Jacobs*, 431, F.3d 99, 115-116 (3d Cir. 2005); *Allen v. Allen*, 118 F. Supp. 2d 653, 656-57 (D.V.I. App. Div. 2000).

To provide a valid waiver of rights prior to giving a statement, the Government must show that the relinquishment of

---

[2] 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966).

defendant's rights was voluntary and that the defendant had full awareness of the right being waived and the consequences of waiving that right. *Virgin Islands v. Samuel*, 39 V.I. 3, 7-8 (V.I. Terr. Ct. 1997) (citing *United States v. Jaswal*, 47 F.3d 539, 542 (2nd Cir. 1995)). The Government must likewise prove that the waiver was knowingly, intelligently and voluntarily given. *Id.* Although not dispositive, a written waiver of one's Miranda rights is strong evidence that the waiver is valid. *Id.* (citing *United States v. Bernard*, 795 F.2d 749, 753 (9th Cir. 1986)). An explicit waiver is not necessary to show that a defendant has waived his right to remain silent when he or she volunteers incriminating statements. *North Carolina v. Butler*, 99 S. Ct. 1755, 1757, 441 U.S. 369, 60 L. Ed. 2d 286 (1979). Similarly, a valid waiver will be inferred when after a defendant is administered the Miranda warnings, he agrees to speak with police officers. *Virgin Islands v. Samuel*, 39 V.I. at 7-8; *United States v. Ramirez*, 79 F.3d 298, 305 (2nd Cir.) cert. denied 136 L. Ed. 2d 87, 117 S. Ct. 140 (1996).

Appellant argued below, as he does on appeal, that he did not understand English sufficiently to understand the Advice of Rights Form and waive his rights. In support of its conclusion that Appellant sufficiently understood English and knowingly waived his rights, the trial court found that Appellant went to

school in the Virgin Islands until the ninth or tenth grade and that Appellant lived and worked in the Virgin Islands for several years. Moreover, the trial court found that Appellant was employed as a cashier at the PX on St. Croix, a position that would necessitate a basic understanding of the English language. Additionally, the trial court held that the Advice of Rights form that Appellant signed contained no words beyond the comprehension of a typical tenth grader's education. Finally, the trial court found that the conversation between Appellant, Sergeant Ramirez and Detective Matthews was a three-way conversation during which Sergeant Ramirez intermittently intervened to add clarification in Spanish to Appellant.

This Court finds nothing in the record to contradict the trial court's factual findings that prior to cooperating with police, Appellant understood the Advice of Rights form, or that he understood that he was free to take advantage of his *Miranda* rights at any time, if he so desired. Accordingly, we affirm the trial court's denial of Appellant's Motion to Suppress his February 8, 2003 statement to police.

C.  **Whether the Trial Court Erred in instructing the jury on the elements of Title 14 V.I.C. § 1700a**

Appellant argues that he was wrongfully convicted because the trial court erroneously instructed the jury in the elements

of count one of the Second Superseding Information[3]: Aggravated Rape in the Second Degree.

This Court will not reverse a verdict on the ground that a jury instruction was erroneous if "it is highly probable that the error did not contribute to the judgment." *Murray v. United of Omaha Life Ins. Co.*, 145 F.3d 143, 156 (3d Cir. 1998); *Pivirotto v. Innovative Systems, Inc.* 191F.3d 344, 350 (3d Cir. 1999). Under this analysis, a new trial should be granted only if the plain error is such that it "undermines [the fundamental fairness of the trial and contributes] to a miscarriage of justice" and substantial rights of the appellant have been affected. *Id.* (quoting *United States v. Young*, 470 U.S. 1, 16, 84 L. Ed. 2d 1, 105 S. Ct. 1038 (1985). A trial court's failure to properly instruct the jury is harmless if the reviewing court can conclude that it is reasonable beyond a doubt that the error did not contribute to the verdict reached. *Pope v. Illinois*, 481 U.S. 497, 107 S. Ct. 1918, 95 L. Ed. 2d 439 (1987).

Appellant argues that the trial court improperly instructed the jury as to count one, Aggravated Rape in the Second Degree.

Count One of the Second Superseding Information reads:

---

[3] The Second Superseding Information was the charging document considered by the jury.

> Luis Robles, on or about November 26, 2002, did perpetrate an act of sexual intercourse with a person, not the perpetrator's spouse, I.M., a minor female, who was under eighteen, but over thirteen years of age, to wit: by inserting his penis into I.M.'s vagina, in violation of Title 14 V.I.C. § 1700a (AGGRAVATED RAPE IN SECOND DEGREE). (J.A. p. 15.)

Title 14 V.I.C. § 1700a. - Aggravated Rape in the Second Degree provides in pertinent part:

> Whoever perpetrates an act of sexual intercourse or sodomy with a person who is under eighteen years but thirteen years or older and not the perpetrator's spouse, or by force, intimidation, or the perpetrator's position of authority over the victim is used to accomplish the sexual act, is guilty of aggravated rape in the second degree and shall be imprisoned for life or for any term in years, but not less than 10 years.

Initially, the trial court's jury instruction tracked the language of the statute and the charging document. At first, the instruction read that the People must prove that the child was "under eighteen years but thirteen years or older." (J.A. p. 144.) However, after the jury began its deliberation, the court received a note from the jury that read "For Count Number 1, does it matter if the Defendant knew the age of the victim?" (J.A. p. 156.) The court responded by repeating the jury instruction. (J.A. p. 157.) However, while the jury was still in the courtroom, the court called counsel to sidebar, considered the jury's problem with the instruction and noted what it considered

"a problem with the statute." (J.A. p. 158.) Over the objection of defense counsel, the court explained that it was going to change its reading of the instruction. (J.A. p. 158.)

The court then revised the instruction to read "that [on November 26, 2002] I.M. was at least thirteen (13) years of age but under sixteen (16) years of age."(J.A. pp. 158, 161.) However, the age spectrum of 14 V.I.C. § 1700a clearly covers sexual acts perpetrated against children between thirteen (13) and eighteen(18) years. *See* 14 V.I.C. § 1700a. Thus, the trial court erred because its revised instruction to the jury did not track the statute.

However, the trial court's error is harmless because I.M. would have fallen within the category of children protected by both the correct instruction that tracked the statute and the trial court's erroneous, revised instruction. I.M. was born on December 1, 1986. (Supp. App. pp. 1, 7.) On November, 26, 2002, I.M. was fifteen (15) years old. The statue clearly protects sexual acts perpetrated against fifteen (15) year old children. Hence, in this circumstance, where the trial court's error could not have affected the jury's consideration of whether the victim was protected by the statute, it did not contribute to the verdict.

*Luis Robles v. Gov't of the Virgin Islands*
D.C. Crim. APP. NO. 2003/0040
Memorandum Opinion
Page 12

## IV. Conclusion

For the reasons cited above, we affirm the trial court's denial of Appellant's Motion to Suppress and conclude that the trial court's error in revising the jury instruction was harmless. Accordingly, Appellant's conviction is hereby, affirmed.